ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR LETTER REQUESTING AN OFFICIAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 UNDER ARTICLE XXI OF THE OKLAHOMA SCHOOL CODE ("CODE"), SPECIFICALLY 70 O.S. 21-101 THROUGH 21-112, IS THE OKLAHOMA BOARD OF PRIVATE VOCATIONAL SCHOOLS ("BOARD") AUTHORIZED TO REQUIRE LICENSURE OF A BUSINESS OR PERSON THAT PROVIDES VOCATIONAL TRAINING TO EMPLOYEES OF A COMPANY THAT CONTRACTS WITH AND PAYS THE BUSINESS OR PERSON FOR THE VOCATIONAL TRAINING?
BECAUSE THIS QUESTION CAN BE READILY ANSWERED BY REFERENCE TO OKLAHOMA STATUTES AND A PRIOR OFFICIAL OPINION OF THE ATTORNEY GENERAL, THIS OFFICE HAS DECIDED TO ANSWER YOUR REQUEST THROUGH THIS INFORMAL LETTER. THEREFORE, THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL BUT RATHER MY CONCLUSIONS THAT HAVE BEEN REACHED AFTER CAREFUL RESEARCH AND ANALYSIS OF THE QUESTION YOU HAVE RAISED.
ACCORDING TO YOUR LETTER, THE BOARD HAS RECENTLY FOUND A NUMBER OF PERSONS AND BUSINESSES GIVING VOCATIONAL TRAINING TO EMPLOYEES OF COMPANIES THAT CONTRACT DIRECTLY WITH THE PERSONS AND BUSINESSES TO PROVIDE THE TRAINING TO ITS EMPLOYEES. OSTENSIBLY, THE TRAINING IS PAID FOR BY THE COMPANY AND NOT THE EMPLOYEES. THE TRAINING IS TYPICALLY CONDUCTED AT THE CONTRACTING COMPANY'S PLACE OF BUSINESS, BUT IT MAY BE CONDUCTED AT A LOCATION PROVIDED BY THE PERSON OR BUSINESS OFFERING THE TRAINING. YOUR LETTER DID NOT ADDRESS WHETHER THE PERSONS OR BUSINESSES THAT OFFER IN-HOUSE TRAINING ALSO OFFER VOCATIONAL TRAINING TO THE GENERAL PUBLIC.
THE PERSONS OR BUSINESSES PROVIDING THE TRAINING HAVE APPEARED BEFORE THE BOARD AND ARGUED THAT THEY SHOULD NOT BE REQUIRED TO BE LICENSED BECAUSE THEY ARE NOT A PRIVATE SCHOOL AS DEFINED BY OKLAHOMA LAW. INSTEAD, THEY CONSIDER THEMSELVES A BUSINESS PROVIDING THE SERVICE OF EMPLOYEE TRAINING TO ANOTHER BUSINESS.
THE NUMBER OF PERSONS OR BUSINESSES CONTRACTING WITH COMPANIES TO PROVIDE TRAINING TO EMPLOYEES HAS BEEN INCREASING IN RECENT YEARS. CONSEQUENTLY, THE BOARD, SOME OF THE MEMBERS OF WHICH OWN PRIVATE SCHOOLS THAT DIRECTLY COMPETE WITH THE PERSONS OR BUSINESSES OFFERING IN-HOUSE TRAINING, HAS BECOME CONCERNED THAT THESE PERSONS OR BUSINESSES ARE UNREGULATED BY THE BOARD AND MAY NOT MEET THE SAME STANDARDS AS SCHOOLS REGULATED BY THE BOARD ARE REQUIRED TO MEET TO BE LICENSED.
ACCORDING TO THE CODE, IT SHALL BE UNLAWFUL:
 "TO ESTABLISH, CONDUCT, OPERATE OR MAINTAIN A PRIVATE SCHOOL OR TO SOLICIT OR CANVASS FOR SCHOLARSHIPS OR TUITION FROM A RESIDENT OF OKLAHOMA UNLESS A LICENSE TO OPERATE SUCH SCHOOL HAS BEEN ISSUED BY THE BOARD AND IS IN EFFECT. THE BOARD SHALL ISSUE A PRIVATE SCHOOL LICENSE UPON DETERMINATION THAT SUCH SCHOOL MEETS THE STANDARDS FIXED BY THE BOARD." 70 O.S. 21-103(A) (1991) (EMPHASIS ADDED). THE ANSWER TO YOUR QUESTION OF WHETHER THE BOARD CAN REQUIRE LICENSURE OF THESE PERSONS OR BUSINESSES OFFERING IN-HOUSE TRAINING TURNS ON WHETHER THE PERSONS OR BUSINESSES OFFERING IN-HOUSE TRAINING ARE OPERATING A PRIVATE SCHOOL AS DEFINED BY THE CODE.
THE CODE DEFINES PRIVATE SCHOOL AS:
 "ANY PRIVATELY OWNED BUSINESS SCHOOL, FLIGHT SCHOOL, TRADE SCHOOL, OR OTHER SCHOOL OFFERING COURSES TO RESIDENTS OF OKLAHOMA IN ANY BUSINESS, PROFESSIONAL, TRADE, TECHNICAL, OR INDUSTRIAL OCCUPATION FOR CONSIDERATION OR REMUNERATION." 70 O.S. 21-101(1) (1991). ACCORDING TO YOUR LETTER, THE BUSINESSES OR PERSONS OFFERING THE IN-HOUSE TRAINING ARE OFFERING, AT THE LEAST, COURSES TO RESIDENTS OF OKLAHOMA IN BUSINESS OR PROFESSIONAL OCCUPATIONS FOR CONSIDERATION OR REMUNERATION.
WHETHER THE BUSINESS OR PERSON IS A SCHOOL DEPENDS UPON THE DEFINITION OF SCHOOL. WHAT CONSTITUTES A SCHOOL IS NOT EXPLAINED BY THE CODE, BUT WORDS FOUND IN STATUTES ARE TO BE UNDERSTOOD IN THEIR ORDINARY SENSE EXCEPT WHEN A CONTRARY INTENTION PLAINLY APPEARS. 25 O.S. 1 (1991); HESS V. EXCISE BOARD OF MCCURTAIN COUNTY, 698 P.2D 930 (OKLA.1985).
AN OFFICIAL OPINION OF THE ATTORNEY GENERAL, WHICH YOU ATTACH TO YOUR LETTER, DISCUSSED THE ISSUE OF WHAT CONSTITUTES A SCHOOL UNDER THE CODE. ACCORDING TO THE OPINION, THE MOST WIDELY RECOGNIZED DEFINITION OF SCHOOL INCLUDES: AN INSTITUTION CONSISTING OF A TEACHER AND PUPILS, IRRESPECTIVE OF AGE, GATHERED TOGETHER FOR INSTRUCTION IN ANY BRANCH OF LEARNING. THE THREE ESSENTIAL ELEMENTS OF A SCHOOL ARE (1) THE TEACHER, (2) THE PUPIL OR PUPILS, AND (3) THE PLACE OR INSTITUTION.
A.G. OPIN. NO. 82-009 (CITATIONS OMITTED).
IN THIS OPINION THE ATTORNEY GENERAL CONCLUDED THAT WHETHER AN ENTITY OFFERING SEMINAR PROGRAMS IS A SCHOOL UNDER THE CODE AND IS "THEREBY SUBJECT TO LICENSURE, IS A QUESTION OF FACT" THAT MUST BE DETERMINED ON A CASE BY CASE BASIS. ID. MOREOVER, THE OPINION CONCLUDED THAT THE LENGTH OF THE PROGRAMS AND THE LOCATION OF THE COURSES ARE ONLY FACTORS TO BE CONSIDERED AND DO NOT ULTIMATELY ANSWER THE QUESTION OF WHAT KINDS OF SCHOOLS MUST BE LICENSED. ID.
NO JUSTIFICATION EXISTS TO DEPART FROM THE ANALYSIS FOUND IN THIS OFFICIAL OPINION. WE CANNOT DECIDE AS A MATTER OF LAW WHAT IS A SCHOOL UNDER THE CODE BECAUSE EACH SITUATION IS DIFFERENT. IT IS THE BOARD'S RESPONSIBILITY, TAKING INTO ACCOUNT THE BOARD'S IMPLIED AUTHORITY TO PROTECT STUDENTS FROM UNSCRUPULOUS PRIVATE SCHOOLS, TO DETERMINE THIS QUESTION UTILIZING SEVERAL FACTORS, INCLUDING THE DEFINITION OF SCHOOL DISCUSSED ABOVE. FACTORS ALSO MIGHT INCLUDE THE LENGTH AND TYPE OF COURSES OFFERED TO THE COMPANY'S EMPLOYEES, THE INTEREST OF THE COMPANY IN ENSURING THAT THEIR EMPLOYEES RECEIVE THE BEST POSSIBLE INSTRUCTION FOR THE MONEY, AND THE TERMS OF THE CONTRACT BETWEEN THE PERSON OR BUSINESS OFFERING THE INSTRUCTION AND THE COMPANY SEEKING THE TRAINING FOR ITS EMPLOYEES.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED THAT:
 WHETHER THE OKLAHOMA BOARD OF PRIVATE VOCATIONAL SCHOOLS IS AUTHORIZED TO REQUIRE LICENSURE OF A BUSINESS OR PERSON THAT PROVIDES VOCATIONAL TRAINING TO EMPLOYEES OF A COMPANY THAT CONTRACTS FOR AND PAYS THE BUSINESS OR PERSON FOR THE VOCATIONAL TRAINING OF ITS EMPLOYEES DEPENDS UPON WHETHER THE BUSINESS OR PERSON IS CONDUCTING A SCHOOL. WHETHER A PARTICULAR ENTITY IS A SCHOOL IS A QUESTION OF FACT AND CANNOT BE ANSWERED IN AN OPINION OF THIS OFFICE. 74 O.S. 18B(A)(S) (1993). THIS DETERMINATION MUST BE MADE ON A CASE BY CASE BASIS BY THE BOARD. THE BOARD MAY UTILIZE ITS OWN SET OF FACTORS IN DETERMINING WHAT CONSTITUTES A SCHOOL, INCLUDING, BUT NOT LIMITED TO: (1) THE PLAIN, ORDINARY MEANING OF SCHOOL AS DISCUSSED ABOVE; (2) THE LENGTH AND TYPE OF COURSES OFFERED TO THE COMPANY'S EMPLOYEES; (3) THE INTEREST OF THE COMPANY IN ENSURING THAT THEIR EMPLOYEES RECEIVE THE BEST POSSIBLE INSTRUCTION FOR THE MONEY; AND (4) THE TERMS OF THE CONTRACT BETWEEN THE PERSON OR BUSINESS OFFERING THE INSTRUCTION AND THE COMPANY SEEKING THE TRAINING FOR ITS EMPLOYEES.
(BRETT ROBINSON)